UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CR-60062-RAR
24-TP-20023-RAR

**UNITED STATES OF AMERICA**

v.

**DRUMMOND NEIL SMITHSON**
Reg. No. 26188-104,

    Defendant.
_____/

**JUDGMENT AND COMMITMENT**
**UPON REVOCATION OF SUPERVISED RELEASE**

**THIS CAUSE** came before the Court on the United States Probation Officer's Petition for Offender Under Supervision, [ECF No. 65] ("Petition"). The Court held a hearing on the Petition on April 8, 2024, [ECF No. 76], during which the Defendant admitted to Violation No. 1 and Violation No. 2. Accordingly, having carefully considered the statements of all parties and the information contained in the Petition, the Court finds that Defendant has violated the terms and conditions of supervised release pursuant to Violation Nos. 1 and 2. It is therefore

**ORDERED AND ADJUDGED** as follows:

1. The term of supervised release imposed by the Court is hereby **REVOKED**.

2. Defendant, Drummond Neil Smithson, is committed to the custody of the Bureau of Prisons for a term of **three (3) months**.

3. Upon release from imprisonment, the Defendant shall be placed on Supervised Release for a term of **twenty-four (24) months**. This term shall run concurrently in both Case No. 20-CR-60062 and Case No. 24-TP-20023.

4. Defendant shall comply with the standard conditions and special conditions of supervised release that have been previously imposed and adopted by this Court as stipulated and set forth in Defendant's Judgment Order, [ECF No. 63], as well as in Defendant's Judgment Order in the District of Massachusetts, Case No. 4:22-CR-40011-MGM-1, [ECF No. 39].

5. Further, Defendant Drummond Neil Smithson shall comply with the following additional conditions of release:

   a. **Residential Re-entry Center Requirement**: After the completion of three (3) months' imprisonment, the Defendant shall reside at and participate in a Residential Re-entry Center for a period not to exceed **sixty (60) days**, or until otherwise released by the Court.

   b. **Home Detention with Electronic Monitoring**: The Defendant shall participate in the Home Detention Electronic Monitoring Program for an additional period of **ninety (90) days** upon completion of his tenure at the Residential Re-entry Center. During this time, the Defendant shall remain at his place of residence except for employment and other activities approved in advance, and provide the U.S. Probation Officer with requested documentation. The Defendant shall maintain a telephone at his place of residence without 'call forwarding', 'call waiting', a modem, 'caller ID', or 'call back/call block' services for the above period. The Defendant shall wear an electronic monitoring device and follow the electronic monitoring procedures as instructed by the U.S. Probation Officer. The Defendant shall pay for the electronic monitoring equipment at the prevailing rate or in accordance with ability to pay.

  6. The Court recommends to the Bureau of Prisons that upon completion of the sixty (60) day term in the Residential Re-entry Center, the Defendant's supervision be transferred to the Northern District of California.

  **DONE AND ORDERED** in Miami, Florida, this 8th day of April, 2024.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record